IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JAIME MONTOYA<br>7520 Regency Glen Drive<br>Fredericksburg, Virginia 22407<br><br>*On Behalf of Himself and*<br>*All Others Similarly Situated*<br><br>PLAINTIFF,<br><br>v.<br><br>ASHTON INNOVATIONS, INC.<br>10950 Pierson Drive, Suite 700<br>Fredericksburg, Virginia 22408<br><br>SERVE: Aimee Sword<br>10950 Pierson Drive, Suite 700<br>Fredericksburg, Virginia 22408<br><br>DEFENDANT | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>Case No: 1:15CV 848 LMB/TCB<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Jaime Montoya ("Plaintiff"), by and through undersigned counsel, on behalf of himself and all others similarly situated, hereby submits his Collective Action Complaint against Ashton Innovations, Inc. ("Defendant") to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA").

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the Commonwealth of Virginia and by acting as named plaintiff in this action does hereby affirm his consent to participate as a plaintiff in a Collective Action under the FLSA.

2. Defendant is a corporation formed under the laws of the Commonwealth of Virginia with its principal office in Fredericksburg, Virginia.

3. At all times relevant, Defendant was in the business of providing drywall and painting services for clients in Northern Virginia and surrounding states and geographic areas.

4. At all times relevant, Plaintiff and other similarly situated individuals performed drywall and painting related job duties for Defendant's clients in Northern Virginia and surrounding states and geographic areas.

5. At all times relevant to this action, Defendant had gross annual revenue exceeding $500,000.00 and was otherwise an enterprise engaged in interstate commerce within the meaning of the FLSA.

6. At all times, Defendant was Plaintiff's employer as defined by the FLSA.

7. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

8. Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

10. Plaintiff was employed by Defendant for the following approximate dates: September 16, 2013 – June 16, 2015

11. During the period of Plaintiff's employment, Defendant paid Plaintiff and other similarly situated individuals as hourly employees.

12. For many hours Plaintiff and others worked each week including overtime hours worked in excess of forty (40), Defendant paid Plaintiff and others at his regular hourly rate.

2

13. For about five (5) to fifteen (15) hours each week including but not limited to compensable driving time and compensable time at the shop in the morning, Defendant paid Plaintiff and other similarly situated individuals no wages.

14. While in Defendant's employ, Plaintiff and other similarly situated individuals regularly and customarily worked more than fifty –five (55) hours per week.

15. At all times, Defendant had knowledge that Plaintiff and others worked more than forty (40) hours per week and suffered or permitted Plaintiff and other similarly situated individuals to work overtime hours as alleged herein..

16. At no time during Plaintiff's employment did Defendant pay Plaintiff or other similarly situated individuals as required by Federal law for overtime hours worked per week in excess of forty (40).

17. At no time did Plaintiff or others perform work that meets the definition of exempt work under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff is pursuing this action as an FLSA collective action on behalf of himself and all other similarly situated individuals who performed drywall and painting related employment duties for Defendant during the time period June 2012 through the present.

19. In the present case, the questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

20. Here, Defendant engaged in common and systematic violations of the FLSA overtime requirement.

21. Defendant failed to pay overtime wages to Plaintiff and other similarly situated individuals at the required legal rate of one-and-one-half times their regular rate of pay for all overtime hours worked each week in excess of forty (40).

22. Common to the claims of Plaintiff and all class members is that each individual received compensation from Defendant at a rate less than the required FLSA overtime rate.

23. Specifically, Plaintiff and each class member is seeking the difference between the wages Defendant paid them each week and the hours and wages Defendant should have paid Plaintiff and each class member had Defendant compensated Plaintiffs and each class member as required by the FLSA for all work duties performed primarily for Defendant's benefit.

24. In the present case, the number of class members is believed to exceed at least fifteen (15) current and former employees.

25. All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendant.

26. The members of the class have not yet joined or otherwise "opted in" to this action because they are not yet aware of their rights to overtime wages under the FLSA or are otherwise afraid of potential retaliation or loss of employment if they assert their FLSA overtime rights.

### CAUSE OF ACTION
### (Violation of Federal Fair Labor Standards Act - Overtime)

27. Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

28. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees...for a workweek longer than forty (40) hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

29. Plaintiff, and all others similarly situated, were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant were their "employer" under FLSA, 29 U.S.C. § 207(a)(2).

30. Defendant, as the employer, was obligated to compensate the Plaintiff and all other similarly situated individuals at the overtime rate of one-and-one-half (1½) times their regular rate for all hours worked per week in excess of forty (40).

31. At all times relevant, Defendant had actual knowledge of the FLSA overtime pay requirement.

32. At all times, relevant, Defendant had actual knowledge that Plaintiff and others should have been paid one-and-one-half (1½) times their regular rate of pay for overtime hours worked each week in excess of forty (40).

33. As set forth above, while in Defendant's employ, Plaintiff and all others similarly situated worked many overtime hours in excess of forty (40) per week.

34. As set forth above, while in Defendant's employ, Defendant failed to compensate Plaintiff and all other similarly situated individuals at the FLSA required overtime rate equal to one-and-one-half (1½) times their regularly hourly rate for overtime hours worked each week in excess of forty (40).

35. Defendant has never taken any action to pay Plaintiff or others similarly situated in compliance with the FLSA overtime pay requirement.

36. Defendant's failure to pay Plaintiff and others similarly situated as required by the FLSA overtime requirement was willful and intentional and was not in good faith.

5

WHEREFORE, Defendant is liable to Plaintiff and all other similarly situated individuals for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

*/s/ Gregg C. Greenberg*

Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:     301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*