## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (this "Agreement") is entered into this ___ day of August, 2015 (the "Effective Date") by and between JAIME MONTOYA ("PLAINTIFF") and ASHTON INNOVATIONS, INC. ("DEFENDANT") DEFENDANT and PLAINTIFF are each a "Party" and are collectively referred to as the "Parties."

WHEREAS, PLAINTIFF and DEFENDANT are presently parties to litigation captioned *Montoya v. Ashton Innovations, Inc. Case Number: 1:15-cv-848-LMB* filed in the United States District Court for the Eastern District of Virginia (the "Lawsuit"), which alleges that DEFENDANT owes PLAINTIFF certain money or compensation for services PLAINTIFF performed for DEFENDANT;

WHEREAS, DEFENDANT denies any liability in the Lawsuit; and

WHEREAS, without admission of liability by any Party, the Parties have mutually agreed to settle their disputes with regard to the Lawsuit and all underlying claims, including, but not limited to, all claims and allegations related to PLAINTIFF's former work relationship with DEFENDANT;

NOW THEREFORE, in consideration of the foregoing and the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged and deemed to be legally sufficient and intended as legally binding, the Parties hereby agree as follows:

1.      Compromise of Disputed Claims. This Agreement constitutes a mutual compromise of disputed claims. This Agreement shall not constitute nor be construed as an admission of any liability or fault by any Party hereto, all such liability being expressly denied. This Agreement shall not be construed as an admission of the truth or correctness of any claim asserted by any Party.

2.      Release Payment. The Settlement Amount payable by DEFENDANT to PLAINTIFF shall be in the total Gross amount of FIFTEEN THOUSAND DOLLARS ($15,000.00) (the "Settlement Amount").

(a)      The Settlement Amount shall be payable in two (2) checks. The first check shall be made payable to the order of Jaime Montoya without withholdings or deductions in the total gross amount of Eight Thousand Five Hundred Dollars and Zero Cents ($8,500.00) representing all alleged wages, liquidated damages, punitive damages, compensatory damages or other damages PLAINTIFF alleges he is owed or may be owed in the Lawsuit. The second check shall be made payable to the order of PLAINTIFF's counsel, Zipin, Amster & Greenberg, LLC in the total gross amount of Six Thousand Five Hundred Dollars and Zero Cents ($6,500.00) representing all attorney's fees and litigation costs PLAINTIFF incurred relating to the Lawsuit or the resolution there of.

(b)     The full Settlement Amount shall be due and payable on or before Friday, August 28, 2015 or within three (3) calendar days after court approval of the Settlement, whichever is later.

(c)     All payments of the Settlement Amount shall be delivered to PLAINTIFF's attorney Gregg C. Greenberg, Esq. Zipin, Amster & Greenberg, LLC, 836 Bonifant Street, Silver Spring, Maryland 20910.

(d)     If DEFENDANT fails to pay PLAINTIFF any portion of the Settlement Amount on or before when payment is due and owing under this Agreement, DEFENDANT shall be in DEFAULT under this Agreement does hereby CONSENT TO ENTRY OF JUDGMENT in favor of PLAINTIFF and against DEFENDANT in the amount of the total gross outstanding balance under this agreement.  In the event DEFENDANT is in DEFAULT under this Agreement, and PLAINTIFF incurs attorney's fees and/or costs associated with prosecuting or collecting on the DEFAULT and/or CONSENT JUDGMENT, DEFENDANT shall be liable for all reasonable attorneys fees and costs associated with said prosecution and/or collection efforts.

3.     Release and Waiver of Claims.

(a)     As used in this Agreement, the term "Claims" will include all claims, covenants, warranties, promises, undertakings, actions, suits, causes of action, obligations, debts, accounts, attorneys' fees, judgments, losses and liabilities, of whatsoever kind or nature, in law, equity or otherwise.

(b)     For and in consideration of the Release Payment described in paragraph 2 above, and other good and valuable consideration, PLAINTIFF, fully and forever releases, remises and discharges DEFENDANT, and any other member of DEFENDANT, together with DEFENDANT'S respective officers, directors, partners, shareholders, employees, agents, affiliates, corporate parents, subsidiaries, successors, and assigns from any and all Claims, including claims for attorney's fees, whatsoever from the beginning of time up to the Effective Date which PLAINTIFF had, may have had, or now has against DEFENDANT, WHETHER KNOWN OR UNKNOWN, for or by reason of any matter, cause or thing whatsoever, including any Claim arising out of or attributable to PLAINTIFF's former work relationship with DEFENDANT, whether for tort, breach of express or implied contract, quantum meruit, violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, restitution, intentional infliction of emotional distress, unjust dismissal, defamation, libel, slander, or possible discrimination Claims on whatever basis, including, without limitation, on the basis of race, religion, national origin, sexual orientation, or gender identification, including among others Claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.*,), and any similar federal, state or local law relating to employment or employment discrimination.  The Parties intend the release contained herein to be a general release of any and all Claims to the fullest extent permissible by law.

(c)     By executing this Agreement, DEFENDANT specifically releases all Claims against PLAINTIFF relating to his former work relationship with DEFENDANT, including without limitation any and all Claims pertaining to breach of an express or implied contract arising from its former work relationship with DEFENDANT or in connection with services rendered by PLAINTIFF to DEFENDANT.

4.      Severability. If any provision of this Agreement shall be held by any court of competent jurisdiction to be illegal, void or unenforceable, such provision shall be of no force and effect. The illegality or unenforceability of such provision, however, shall have no effect upon and shall not impair the enforceability of any other provision of this Agreement.

5.      Confidentiality / Limitation on Publicity. The terms of this Agreement represents a private agreement between the Parties and are not intended for wide public dissemination. As such, PLAINTIFF agrees and affirms that he will not share the contents of this Agreement with any current or former employees of DEFENDANT and will not use social media, any email listserv, blog, print news, television, radio, or website comment boards to discuss or disseminate the terms of this Agreement.

6.      Non-Admission. Nothing contained in this Agreement will be deemed or construed as an admission of wrongdoing or liability on the part of PLAINTIFF or DEFENDANT.

7.      Entire Agreement. This Agreement constitutes the entire understanding and agreement of the Parties hereto regarding the Lawsuit. This Agreement supersedes all prior negotiations, discussions, correspondence, communications, understandings and agreements between the Parties relating to the subject matter of this Agreement.

8.      Governing Law. Except where preempted by Federal Law, this Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Virginia, applicable to agreements made and to be performed in that state.

9.      Breach of the Agreement. In the event that either party breaches any covenant in this agreement, the opposite party shall have the right to immediately file suit in a court of competent jurisdiction to prosecute the claim for breach against the breaching party. The prevailing party in any such action for breach shall be entailed to recover any and all economic or/or equitable relief available plus reasonable attorney's fees and costs associated with the prosecution or defense of any such claim.

10.     Free and Voluntary Act of the Parties. This Agreement is freely and voluntarily entered into by the Parties upon the review, negotiation by, and the advice of legal counsel, and following negotiations between each party and their respective counsel concerning the provisions herein. The Parties in entering this Agreement and the instruments thereto are not acting under any coercion or duress.

11.    Drafting of the Agreement. The Parties acknowledge and agree that this Agreement represents the product of negotiations and shall not be deemed to have been drafted exclusively by any one party.  In the event of a dispute regarding the meaning of any language contained in this Agreement, the parties agree that the same shall be accorded a reasonable construction and shall not be construed more strongly against one party than the other.

12.    Form of Signature on Agreement: This Agreement may be executed in counterparts.  The parties agree that copies and facsimiles of this agreement shall have the same full and binding effect as any original copy of this agreement.

**IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the Effective Date.**

**DEFENDANT**

**ASHTON INNOVATIONS, INC.**

By: _____

Name: _Carl M. Sword_____

Title: _President_____

Date: _8-26-15_____

**PLAINTIFF**

**JAIME MONTOYA:**         _____

Date:                              _____